

The following constitutes
the order of the court. Signed July 16, 2018

_____
Stephen L. Johnson
U.S. Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>ALL PHASE CARE, INC.,<br><br>    Debtor. | Case No.: 17-51734 SLJ<br><br>Chapter 7<br><br>Date: June 13, 2018<br>Time: 2:00 p.m.<br>Ctrm: 3099 |

## ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR ACCOUNTING AND TO DISGORGE FEES/RETAINER

Kari Bowyer, the chapter 7 trustee (the "Trustee"), filed a Motion for Accounting and to Disgorge Fees/Retainer ("Motion") against Debtor's former counsel Frank E. Mayo ("Counsel" or "Mayo"). Mayo opposed the Motion. The Motion was heard at the above-referenced date and time. Gregg Kleiner appeared for the Trustee, and Frank Mayo appeared on his own behalf. After hearing arguments from the parties, the court ordered Mayo to file a supplemental declaration and took the Motion under submission.

## BACKGROUND

Debtor, represented by Mayo, filed a chapter 11 skeletal petition under the Bankruptcy Code on July 21, 2017. In the Statement of Financial Affairs and Disclosure of

ORDER ON MOTION FOR ACCOUNTING AND DISGORGEMENT

1

Compensation, filed on August 4, 2017, Debtor and Mayo, respectively, disclosed that $5,000 was paid to Mayo by Debtor for bankruptcy-related services in June 2017, prior to the filing of Debtor's chapter 11 voluntary petition. On September 5, 2017, Debtor filed a Notice of Substitution of Attorney, replacing Mayo with Jason Vogelpohl ("Vogelpohl") as Debtor's counsel. Mayo did not file an application for employment prior to his termination. Debtor, represented by Vogelpohl, filed an amended Statement of Financial Affairs indicating that Debtor paid a total of $13,000 to Mayo in February and July of 2017 for bankruptcy related services. This case was converted to a chapter 7 case on September 28, 2017, pursuant to a creditor's motion.

The Trustee filed this Motion on May 10, 2018, asserting that Debtor's records show that it paid Mayo a total of $9,992.50[1] within one year of the petition date. Because Mayo did not obtain an order approving his employment as Debtor's chapter 11 counsel, the Trustee contacted Mayo to return the fees and Mayo agreed to provide an accounting of the payments he received from Debtor. However, Mayo neither returned his fees nor provided an accounting to the Trustee.

Mayo filed an untimely declaration on June 8, 2018, in which he stated he billed Debtor the following legal services within one year of the petition date:[2]

(1) $2,075 for negotiating a wage claim action on September 1, 2016;

(2) $600 for preparation of insurance requirement on October 14, 2016;

(3) $1,406 for preparation of documents for health care regulations on December 16, 2016;

(4) $861 for responding to a post-judgment discovery matter in May 2017; and

---

[1] As corrected in the Trustee's reply.

[2] Mayo did not file an actual opposition with arguments and supporting legal authority to the Trustee's Motion. Of the non-bankruptcy-related fees stated in his declaration, the $1,406 for compliance with health care regulations and $861 for responding to post-judgment discovery were not supported by time records, billing statements, or any kind of documentary evidence.

ORDER ON MOTION FOR ACCOUNTING AND DISGORGEMENT

2

(5) $5,000 retainer for bankruptcy services, which included the filing fees for two chapter 11 cases.

At the hearing, Mayo argued that he used the $5,000 retainer to pay for two chapter 11 filing fees, which should not be disgorged. He asserted that the first chapter 11 case he filed on Debtor's behalf (Case No. 17-51508) was improperly dismissed because the Clerk of Court sent the Order to File Required Documents and Notice of Automatic Dismissal in Event of Failure to Comply to his previous address in Mountain View, California, instead of his current address in Los Altos, California.

## DISCUSSION

Court approval of the employment of counsel for a debtor in possession is *sine qua non* to counsel getting paid. Failure to receive court approval for the employment of a professional in accordance with § 327 and Bankruptcy Rule 2014 precludes the payment of fees. *In re Weibel*, 176 B.R. 209, 211 (B.A.P. 9th Cir. 1994), citing *In re Shirley,* 134 B.R. 940, 943 (B.A.P. 9th Cir. 1992). The bankruptcy court has broad and inherent authority to deny any and all compensation when an attorney fails to meet the requirements of § 327, including disgorgement of prepetition fees. *In re Lewis*, 113 F.3d 1040, 1045 (9th Cir. 1997); *In re Barajas*, 2013 WL 3369280, *7 (B.A.P. 9th Cir. July 3, 2013)("An experienced bankruptcy attorney who fails to timely obtain approval of his employment as counsel for the chapter 11 debtor may not retain compensation paid to him, including a retainer.").

Separate from and in addition to approval of employment, § 329(a) requires a debtor's attorney to "file with the court a statement of the compensation paid or agreed to be paid, if such payment or agreement was made after one year before the date of the filing of the petition, for services rendered or to be rendered in contemplation of or in connection with the case by such attorney, and the source of such compensation." 11 U.S.C. § 329(a). Section 329(b) provides in relevant part: "If such compensation exceeds the reasonable value of any such service, the court may cancel any such agreement, **or order the return of any such payment.**...." 11 U.S.C. § 329(b) (Emphasis added).

ORDER ON MOTION FOR ACCOUNTING AND DISGORGEMENT

3

Section 330 sets out the standard by which courts should determine the reasonableness of fees under § 329. *In re Jastrem*, 253 F.3d 438, 443 (9th Cir. 2001). The attorney has the burden of proving that fees are reasonable. *In re Basham*, 208 B.R. 926, 932 (B.A.P. 9th Cir. 1997). The focus of this inquiry is not how much time was spent by the attorney or what the bill might be based on that time spent. Rather, the question is whether the amount he was paid was excessive for what was accomplished in the case. *In re Nakhuda*, 544 B.R. 886, 903 (B.A.P. 9th Cir. 2016).

At the outset, the court notes that the only issue to be decided is whether the $5,000 retainer should be disgorged.[3]

In the month and half this case was in chapter 11 while Mayo was counsel, Mayo did not file an employment application.[4] Thus, he was never employed. The court notes, however, that Mayo is not an experienced chapter 11 attorney. The court's records show that since 1991, Mayo has filed only twenty-eight bankruptcy cases in this district, of which only one was a chapter 11 case, excluding the two chapter 11 cases filed on behalf of Debtor. While an employment order is a prerequisite to recover fees from the estate, the lack of one does not result in the mandatory disgorgement of prepetition fees. Given Mayo's lack of experience, the court declines to exercise its inherent authority and order disgorgement of the $5,000 retainer on this basis.

Section 329, however, offers a separate statutory ground for disgorgement. It authorizes the bankruptcy court in appropriate circumstances to "order the return" of any fees paid to an attorney "in connection with" a bankruptcy case within a year "before the date of filing the petition." 11 U.S.C. § 329.

---

[3] At oral argument the Trustee reduced her demand for repayment to the $5,000 bankruptcy retainer, stating she was no longer pursuing the accounting request and the fees that Mayo alleged were billed for non-bankruptcy services.

[4] Pursuant to United States Trustee Guidelines, an application to employ debtor's counsel must be filed within 15 days after commencement of the case.

ORDER ON MOTION FOR ACCOUNTING AND DISGORGEMENT

4

Mayo failed to supply the court with any evidence or a coherent argument about his right to the fees. Insofar as evidence is concerned, Mayo, who has the burden of proof, failed to provide contemporaneous time records and the retainer agreement. He provided the court with no evidence regarding the nature of the retainer making it impossible to know if it was refundable or non-refundable, whether the parties intended the retainer to be held as an advance against future fees, or whether it covered costs. Mayo also did not make any showing that the value of the services he performed were consistent with the amount of the retainer. Indeed, Mayo did not even argue his fees were reasonable.

The only defense, and evidence, offered by Mayo was that he paid the two filing fees, totaling $3,434 ($1,717 x 2), so he should not have to disgorge them.[5] I find that only one of these fees should be compensated.

The first fee was incurred for the previous and now-dismissed case Mayo filed on behalf of Debtor. The filing fee paid by Mayo for that prior case was of no benefit to the estate in this case. Mayo's contention that the case was dismissed improperly is not sustainable. Mayo alleged that he did not receive the notice of deficient filing and stated at the hearing that he did not know why the notice was sent to his previous address. The explanation is simple. Between 2003 and 2005, Mayo filed a dozen bankruptcy cases. For each, he used a Mountain View, California. He never updated his address with the court. Thus, when he filed Debtor's two cases in 2017, the court had an outdated address. It was Mayo's responsibility to keep the court apprised of any change in his address and his failure to do so cannot result in a conclusion that the court mishandled the first case.[6]

---

[5] Without a copy of the retainer agreement, the court has no record that the retainer was intended to cover the filing fees. Nevertheless, since the Trustee has Debtor's financial records and did not argue the point, the court presumes that Debtor did not pay Mayo for the filing fees.

[6] Had Mayo monitored the docket, he would have noticed that the docket entry for the petition has the notation "DEFECTIVE ENTRY: Attorney address on page 4 of the pdf does not match court record." Despite being a non-ECF filer, Mayo, as Debtor's counsel, has the responsibility to monitor the court's docket on the status of the case.

ORDER ON MOTION FOR ACCOUNTING AND DISGORGEMENT

5

UNITED STATES BANKRUPTCY COURT
for the Northern District of California

For these reasons, IT IS HEREBY ORDERED as follows:

1. The Motion is GRANTED in part and DENIED in part.
2. The request for accounting is DENIED.
3. The request for disgorgement is GRANTED in the amount of **$3,283**, representing the $5,000 Mayo received prepetition less $1,717 for filing fees paid in this case. The amount shall be paid to the Trustee, as set forth in the Motion, no later than 30 days from the date of entry of this order.[7]

IT IS SO ORDERED.

*** END OF ORDER***

---

[7] The Trustee and Mayo may agree to extend the deadline for payment and/or arrange a payment plan by filing a short stipulation and uploading an order.

ORDER ON MOTION FOR ACCOUNTING AND DISGORGEMENT

6

| | |
|---|---|
| 1 | **COURT SERVICE LIST** |
| 2 | ECF Parties by Electronic Means Only |
| 3 | |
| 4 | **By Mail** |
| 5 | Frank E. Mayo<br>Law Offices of Frank E. Mayo |
| 6 | 4962 El Camino Real, Suite 104<br>Los Altos, CA 94022 |

ORDER ON MOTION FOR ACCOUNTING AND DISGORGEMENT

7